# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Meemic Insurance Company,

                Plaintiff,        Case No. 18-cv-11603

v.                                  Judith E. Levy
                                     United States District Judge
Vertical Partners West, LLC, *et al*,
                                     Mag. Judge Anthony P. Patti

                Defendants.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT YUNTONG POWER CO. [41]

This is a products liability, consumer protection, and breach of warranty action arising out of a house fire in Brighton, Michigan. (ECF No. 1, PageID.12-14.) Plaintiff Meemic Insurance Company ("Meemic") initially filed this action on April 27, 2018, in the 44th Circuit Court of Michigan. (*Id.* at PageID.10.) Defendant Vertical Partners West LLC later removed the case to this Court on May 22, 2018. (*Id.* at PageID.1.) After Meemic added Yuntong Power Co. ("Yuntong") as a defendant on September 11, 2018 and attempted unsuccessfully to obtain confirmation of service for the subsequent twelve months, it now moves for default

judgment against Yuntong. (*See* ECF No. 41.) For the reasons stated below, this motion is GRANTED.

I. **Background**

Plaintiff Meemic is a Michigan property and casualty insurer. (*Id.* at PageID.10.) Meemic alleges that, on July 15, 2016, a fire significantly damaged a home in Brighton, Michigan. (*Id.* at PageID.11.) Having insured this home and having paid the claim related to the loss, Meemic became subrogated to the homeowners' rights. (*Id.* at PageID.11.) Meemic alleges that a subsequent investigation of the home determined that an RC battery started the fire. (*Id.*) A further investigation revealed that the battery was sold by Defendant Vertical Partners and manufactured by Defendant Yuntong. (ECF No. 9, PageID.58-59.) Yuntong is a Chinese corporation with corporate headquarters located in Guangdong, China. (*Id.* at PageID.57.) Meemic amended its complaint to include Yuntong on September 10, 2018, (*Id.* at PageID.1), and a summons for Yuntong was issued the following day. (ECF No. 10.)

On May 10, 2019, Meemic informed the Court that it attempted to serve Yuntong by mailing through UPS duplicate copies of English and Chinese translations of the summons, complaint, and service request to

2

the Chinese Ministry of Justice ("Chinese Ministry"). (ECF No. 36, PageID.175.) Meemic represented that UPS delivered the summons to the Chinese Ministry on September 26, 2018. (*Id.*) Receiving nothing in response, Meemic subsequently mailed and emailed the Chinese Ministry in February and March of 2019 to request updates. (*Id.*)

On July 26, 2019, Meemic filed a motion for default judgment as to Yuntong. (ECF No. 38.) Meemic represented that the Chinese Ministry had emailed Meemic in March 2019 to note that Meemic's service had been "received," "registered," and "transferred to the Supreme Court for further process." (*Id.* at PageID.190-191.) The Ministry also informed Meemic that the average service time took approximately ten months. (*Id.*) On July 19, 2019, Meemic emailed the Ministry to note that the ten months had passed since the initial service date. Though Meemic received an automatic out-of-office email in response, it did not receive, and has still not received, a substantive reply. (*Id.*)

This Court denied Meemic's July 26, 2019 motion because Meemic had not received a clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55.1. (*See* ECF No. 40.) Meemic renewed its motion on September 5, 2019 and then requested a clerk's

entry of default on September 9, 2019, which the clerk entered the following day. (ECF Nos. 41, 44-45.) Having received the clerk's entry of default, this Court now considers Meemic's September 5, 2019 motion for default judgment against Yuntong.

## II. **Default Judgment**

Default judgment is governed by Federal Rule of Civil Procedure 55. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A default judgment may be entered by the clerk when a plaintiff's claim is for a sum certain—or a sum that may be made certain—and the defendant is neither a minor nor incompetent. Fed. R. Civ. P. 55(b)(1). In all other cases, the Court may conduct an accounting, determine the amount of damages, establish the truth of any allegations by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). Determining whether to grant default judgment is within the sound discretion of the district court. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995).

Because Yuntong is a Chinese corporation with its principal place of business in China, the Hague Convention also applies in determining proper service of process. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies."). The Hague Convention is a multilateral treaty created to "provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit." *Id.* at 698; *Convention Done at the Hague*, Nov. 15, 1965, 20 U.S.T. 362, T.I.A.S. No. 6638 [hereinafter "THE HAGUE CONVENTION"]. The Hague Convention requires each signatory to establish a "central authority" to regulate processes for receiving and distributing requests for service of documents from other countries. *Schlunk*, 486 U.S. at 698. China and the United States are both signatories to the Hague Convention and adhere to the Convention rules governing international service of process. *See Cucuz v. Rosta Int'l, Ltd.*, No. 2:15-cv-10479, 2016 WL 4177230, at *2-3 (E.D. Mich. Aug. 8, 2016).

Article III of the Hague Convention requires plaintiffs to forward requests for service of process to the central authority of the defendant's

home country—in China, this is the Chinese Ministry of Justice. THE HAGUE CONVENTION. Article IV then requires the Chinese Ministry to either serve the document itself or arrange to have it served under local law. *Id.* Here, Meemic complied with Article III's requirements. Meemic served upon the Chinese Ministry duplicate copies of both Chinese and English translations of the summons and complaint. (ECF No. 41, PageID.298-301). By taking this step, Meemic met the Hague Convention's requirements to serve process upon Yuntong.

Under Article VI, the Chinese Ministry should have then completed a certificate stating whether Meemic's documents were served and, if not, the reason for lack of service. THE HAGUE CONVENTION. Alternatively, if Meemic's request was noncompliant with the Hague Convention's requirements, the Chinese Ministry should have "promptly inform[ed]" Meemic of its "objections to the request." *Id.* at Article IV. Though the Chinese Ministry informed Meemic in March 2019 that service requests take approximately ten months to process, more than a year has now passed since the Chinese Ministry initially received Meemic's summons. (*See* ECF No. 41, PageID.299, 303 (affirming through affidavit and UPS receipt that UPS delivered the summons to the Chinese Ministry in

6

September 2018 and received a confirmation signature from "CHOP")). To date, the Chinese Ministry has failed to provide the required certificate and has failed to substantively respond to Meemic's follow-up requests. (*See id.* at PageID.294.)

The Hague Convention permits default judgment against a foreign party once three elements are satisfied, even if the foreign party did not actually receive a copy of the summons and complaint. THE HAGUE CONVENTION, Article XIV. Those elements are:

> a) The document was transmitted by one of the methods provided for in this Convention;
> b) A period of time not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document; and
> c) No certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

*Id.* Here, Meemic properly transmitted its pleadings to the Chinese Ministry in September 2018 and received proof of transmission through UPS. After multiple attempts by Meemic to follow up, the Chinese Ministry confirmed receipt in March 2019. Now, more than twelve months after the date of service transmission, the Chinese Ministry has not provided to Meemic a certificate of service—or failing that, a notice of noncompliance—within the meaning of the Hague Convention. *See*

7

THE HAGUE CONVENTION, Articles IV, VI. It appears that Meemic has made "every reasonable effort" to serve Yuntong, to no avail. This Court accordingly finds that the Hague Convention's requirements for default judgment are satisfied.

Having determined that default is proper under Federal Rule of Civil Procedure 55(a) and the Hague Convention, this Court turns now to Rule 55(b) to determine the appropriate entry of judgment. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true. The district court must instead conduct an inquiry in order to ascertian the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. Appx. 351, 355 (6th Cir. 2009). To ascertain damages where there is a sum uncertain, Rule 55(b)(2) allows the district court to conduct an evidentiary hearing or to request an affidavit computing damages. *Id.* at 354-55 (districts courts may, but are not required to, conduct a hearing to determine sums uncertain); *Meyer v. City of Cincinnati,* Nos. 90-3679, 90-3805, 1991 WL 165584, at *3 (6th Cir. Aug. 27, 1991); *SGA Global, LLC v. Surface Coatings, Co.*, No. 07-10332, 2007 WL 3284006 (E.D. Mich. Oct. 31, 2007) (awarding damages

based upon documentary proof such as spreadsheets, evidence of pricing, and shipping charges in support of plaintiff's claimed damages).

Here, Meemic did not attach an affidavit computing damages to either its motion before the Court or to its request for a clerk's default entry. (*See* ECF Nos. 41, 44.) Further, Meemic's complaint did not include an accounting of damages as to each defendant, but instead requested only "judgment against Defendants in an amount greater than $75,000, plus interests, costs, attorney fees" as to each count. (ECF No. 16, PageID.100-105.) As such, though this default judgment determines that Yuntong is liable to Meemic, this Court must still conduct an inquiry into the sum-uncertain damages. *Vesligaj*, 331 F. Appx. at 355.

Accordingly, Plaintiff Meemic Insurance Co.'s motion for default judgment against Defendant Yuntong Power Co., Ltd. (ECF No. 41) is **GRANTED.** Pursuant to Federal Rule of Civil Procedure 55(b)(2)(A)-(B), Plaintiff Meemic Insurance Co. is ordered to provide an affidavit computing damages by **October 28, 2019**.

IT IS SO ORDERED.

Dated: October 6, 2019        s/Judith E. Levy
   Ann Arbor, Michigan      JUDITH E. LEVY
                                     United States District Judge